## Humphrey, Assignee, *v.* Tozier, Appellant.

*Practice, Supreme Court—Opening judgment—Lost testimony.*

The Supreme Court will not review an order of the court of common pleas refusing to open a judgment, where the plaintiff's testimony is not brought up with the record.

If such testimony has been lost or mislaid, it must be supplied in the proper way, and the alleged substance of the testimony, not assented to by

the plaintiff, nor approved by the court below, will not be considered by the Supreme Court.

*Judgment—Estoppel—Declaration of no defence.*

A declaration by the maker of a judgment note to a person intending to purchase the note, that it was good and would be paid, followed by an offer to pay the holder of the note before or about the time of its maturity, will, it seems, estop the maker from instituting proceedings to open a judgment entered upon the note.

Argued April 19, 1893. Appeal, No. 283, Jan. T., 1893, by defendant, A. L. Tozier, from decree of C. P. Clearfield Co., Dec. T., 1890, No. 247, refusing to open judgment, Robert Humphrey, assignee of E. L. Brown v. A. L. Tozier. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Rule to open judgment entered on judgment note.

Plaintiff's testimony was lost or mislaid, and was not printed in appellant's paper-book. The alleged substance of the testimony, however, was printed, and from this, and from the history of the case in appellee's paper-book, it appeared that the use plaintiff, before he took the note upon which the judgment was entered, was assured by defendant that the note was good, and would be paid. It also appeared that defendant offered to pay the note before or about the time of its maturity.

Opinion of court below was as follows, by KREBS, P. J.:

"There would probably be sufficient grounds to open the judgment, as between the defendant and the original payee of the note. But it is alleged on the part of Humphrey, the present owner of the judgment, that the defendant has estopped himself, by a declaration of 'no defence,' from availing himself of what would otherwise be grounds for opening the judgment. An examination of the testimony upon this branch of the case shows that the defendant has estopped himself from making the defence which he might otherwise have had. This is shown not only by the testimony of the witness as to what he said, but also by his act in offering to pay the present plaintiff the note before or about the time of its maturity.

"We are of the opinion that the rule must be discharged, and it is so ordered. Rule discharged."

*Error assigned* was above order, quoting it.

*A. L. Cole, D. S. Herron* with him, for appellant, cited: Jenkintown Nat. Bank's Ap., 124 Pa. 337; Eldred v. Hazlett, Admrs., 33 Pa. 307.

*W. C. Pentz,* for appellee, cited: Fisher v. King, 153 Pa. 8; Decker v. Eisenhauer, 1 P. & W. 476: Elliott v. Callan, 1 P. & W. 24; Edgar v. Kline, 6 Pa. 327; Scott's Ap., 123 Pa. 155; Wilcox v. Rowley, 20 W. N. 269.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 1, 1893:

An application to open a judgment and let the defendant into a defence is substantially an appeal to the equity power of the court, and should of course be proceeded in, as nearly as may be, according to equity practice: O'Hara v. Baum, 82 Pa. 420. The petition and answer thereto are in the nature of bill and answer in equity. The testimony, taken by depositions or otherwise, is intended to furnish the necessary proofs upon which the court acts in making its order or decree opening the judgment, etc., or denying the relief prayed for. An appeal from its decision brings up, as part of the record certified to us by the court below, the petition, answer and testimony. Without these we cannot, in justice to the parties or in fairness to the court, undertake to review its decision, especially with the view of reversing it.

In his opinion, sent up with the record, the learned judge bases his order, refusing to open the judgment, on the fact that defendant, " by a declaration of no defence," is estopped "from availing himself of what would otherwise be grounds for opening the judgment," and then proceeds to say: " An examination of the testimony upon this branch of the case shows that the defendant has estopped himself from making the defence which he might otherwise have had. This is shown not only by the testimony of the witness as to what he said, but also by his act in offering to pay the present plaintiff the note before or about the time of its maturity."

If the learned judge was correct in these conclusions—and, in the absence of evidence to the contrary, it must be presumed he was—he could have done nothing else than deny the relief prayed for by defendant. It is unnecessary to cite authorities to that point. The learned judge's conclusions are in accord with the evidence, so far as it is before us.

But again, in the absence of plaintiff's testimony, which, as appellant informs us, was lost or mislaid, how could we convict the learned court of error in drawing the conclusions of fact above quoted? It could not be done; and it would be a travesty of justice to attempt it. Nor does it avail anything to suggest, as appellant does in his paper-book, that he has furnished us with what he alleges and no doubt believes to be the substance of the lost or mislaid testimony. That cannot be accepted as a substitute for the original. The plaintiff has never assented to it, nor has the court below ever had an opportunity of expressing its assent or dissent to its correctness. Lost testimony, like other lost papers belonging to a record, may be supplied by consent of all parties in interest, with approval of the court. Otherwise, lost portions of the record must be supplied in the regular and orderly way, familiar to every practitioner.

It was incumbent on appellant to furnish us with the record as full and entire as it was before the diminution occurred, and that doubtless could have been done in one or other of the modes indicated. As the matter stands, the alleged substance of plaintiff's testimony is no part of the record, and must be so treated. But, as already intimated, independently of any question as to the missing testimony, the case is with the plaintiff.

The order refusing to open the judgment, etc., is affirmed, with costs to be paid by appellant.