OSCAR W. LOWERY, Appellee, v. ANNE E. LOWERY, Appellant.

Proceedings to substitute lost exhibits: NEW TRIAL. A district judge, on a hearing at chambers on an application to correct the record of a cause and to supply missing exhibits, has no power to order a new trial of the action.

**Same.** On application to substitute lost exhibits, where the evidence shows that the same have been misplaced or unintentionally destroyed and that it is impossible to supply the same, a refusal of an order of substitution is proper.

**Same.** An application to the court or to a judge at chambers is a proper method to secure a substitution of lost records, but if, upon the hearing, there is no evidence upon which to base an order for substitution, the appellate court will not direct it to be made: nor will it remand the case for the purpose of granting a new trial where no such relief is asked, even if an order to that end were proper.

**Same:** LACHES. An application for an order to substitute lost records should be made within a reasonable time, and if through delay the applicant has rendered this impossible and for that reason cannot have his main case considered on appeal, it is a matter of which he cannot complain. A delay of ten months in making the application after the loss of certain evidence was known is held to have been unreasonable.

*Appeal from Greene District Court.*— HON. Z. A. CHURCH, Judge.

FRIDAY, APRIL 10, 1908.

REHEARING DENIED, TUESDAY, SEPTEMBER 29, 1908.

THIS is an appeal from an order of Hon. Z. A. Church, Judge, upon an application of defendant and appellant to substitute certain exhibits introduced in the main case bearing a like title to this one, which was an action for a divorce. The trial court found that these exhibits were lost or mislaid and could not be found, but that, as no copies were preserved, and no one had sufficient recollection of the contents thereof, he could make no order of substitution. From this order defendant appeals.— *Affirmed.*

*Wilson & Albert, C. C. Cole* and *Bowen & Brockett,* for appellant.

*Parker, Hewitt & Wright, W. W. Turner* and *Howard & Howard,* for appellee.

DEEMER, J.— Plaintiff brought suit against defendant for a divorce. Defendant appeared and resisted the same, and upon issues duly joined the case was tried to the court, resulting in a decree granting plaintiff the relief asked. Defendant thereupon appealed to this court, and in the preparation of the case for submission here it was found that some of the exhibits offered by plaintiff, consisting in large part of letters written him by defendant, were lost, mislaid, or destroyed. Not being able to furnish us with the entire record upon which the case was tried in the district court, defendant and appellant went back to the district court, or to the judge who tried the case, with an application for an order of substitution. That the application may be better understood we here copy the prayer thereof: " She, therefore, prays that upon presentation of this application it shall be ordered by said court or by said judge thereof that the attorneys and parties in this cause, together with such other persons as she may be advised, should be summoned to appear at a time and place to be fixed in said order for inquiry and discovery, if possible, as to the whereabouts of said evidence, and that in the event the court shall be unable to secure the production thereof that the plaintiff be required to substitute copies of the same, or in lieu thereof proof of the character and substance of said exhibits, to the end that the court may and shall at the conclusion of such investigation certify to the Supreme Court the entire record and transcript in said cause, including the exhibits and any other evidence claimed by plaintiff to have been omitted, or in lieu thereof suitable findings as to the character and substance of such exhibits, to the end that the record of this cause may be completed for the purpose of said appeal in the Supreme Court, and for such other orders and relief as may be proper in the premises, together with the taxation of the costs of this proceeding to the plaintiff." This application was undoubtedly bottomed upon section 4127 of the Code, which reads as follows: " The lower court, the Supreme

Court, or a judge of either court, may make any necessary orders to secure a perfect record or transcript thereof, upon a showing by affidavit or otherwise, and upon such notice as it or he may prescribe." The application was presented to and heard by Judge Church at chambers, and after hearing all the testimony he made the following order:

That from the evidence offered before me at this time it appears that said exhibits have been lost or mislaid, and that the same cannot now be found; that from the evidence introduced before me at this time it appears that said exhibits have not been in the hands of either the plaintiff or any of his attorneys since that date of said filing, or have they or either of them had access to them; that from the evidence before me it is impossible for me to decide who is the party actually in fault for their disappearance. It now appears to me that said exhibits heretofore mentioned, and which are identified in the shorthand reporter's minutes, cannot be found upon this investigation, that no copies of the same were ever made as far as shown by the testimony, and from the testimony introduced it does not appear that the same can be substituted, for the reason that no known copies are in existence so far as shown by the testimony; nor was the evidence offered by the defendant as to the contents of said exhibits sufficient to allow accurate substitution thereof, and the undersigned judge who presided at said trial has not sufficient recollection of the same to state the character or contents thereof sufficient to make a substitution thereof. The taxation of the costs of this proceeding will be referred to the district court in regular session, and may be brought up before said court at any time upon five days' notice to the attorneys on the opposite side of the cause.

Defendant appeals from this order, and contends (1) that it is not sustained by the evidence; (2) that the findings were and are unauthorized; and (3) that "the judge should have made as complete a statement of the nature and contents of the lost exhibits as it was possible to make, and certified to such fact in an appropriate order, and such statement should have shown that there was no evidence in

such exhibits material to the determination of the issues in the case." Appellant further contends that the trial judge should be directed to make a finding as to the contents of the missing exhibits, or, if that cannot be done, that the case should be remanded with directions to the trial court to grant a new trial of the main action.

At the outset it is well to remember that the application in this case was made to and heard by the trial judge under section 4127 of the Code. The judge sitting in

1. PROCEEDINGS TO SUBSTITUTE LOST EXHIBITS: new trial.

chambers had no right to decree a new trial of the main action even had that been asked. The proceeding was to correct the record and to supply missing exhibits as authorized by the statute quoted, and was not for a new trial in equity.

Coming now to the ultimate facts, we are of opinion that there was no error in the findings of the trial court. That the exhibits are lost is conceded by all. And it is

2. SAME,

difficult, if not impossible, to say who is to blame therefor. Certainly neither appellee nor his counsel seem to be at fault in this regard. There is some testimony tracing these papers into the hands of counsel for appellant, but there is no showing of any wrong or fraudulent intent on his part. The most that can be said is that through accident some of these exhibits have been misplaced or unintentionally destroyed without the plaintiff's fault. The trial judge also found that it was impossible to supply these exhibits, and consequently no order of substitution was made. With this finding there can be no just dissent. All the evidence as well as the conclusion of the judge who tried the original case confirm this conclusion. So that it seems impossible at this time to make any order for substitution. This is all that Judge Church was asked to do, and that should end this proceeding.

But it is argued that the case should be remanded with directions to the trial judge to order a new trial on account of diminution of the record. This would be a most unusual

order.    Judge Church, sitting simply as a judge in chambers,
had no power to grant a new trial of a case

**3. Same.**

pending in the district court, nor should
we order him to do so.    Even if a new trial were permissible
upon the grounds suggested, defendant and appellant did
not ask for such relief.    Nor was the application tried on
that theory.    All that we can do on this appeal is to affirm
or reverse the order of Judge Church.    It is not for us to
order a new trial, or to remand the case which was not
brought for that purpose, in order that a new trial may be
granted.    Judge Church has already stated that a substitu-
tion cannot be made, and this finding has support in the
testimony.    What, then, could be accomplished by a re-
mand?    Our finding does not establish the contents of these
exhibits, and we should not on appeal attempt to do so.
That an application such as was here presented is a proper
method whereby to substitute lost records see *Loomis v.
McKenzie,* 48 Iowa, 416; *State Bank v. Ratcliffe,* 111
Iowa, 662; *Ormsby v. Graham,* 123 Iowa, 202.    But if
the trial court or judge is unable to make the substitution,
there is no power in this court to compel either to do so.
In the face of such a finding as was made by the trial court,
which is sustained by the evidence, it would be little short
of ridiculous to reverse the findings and direct a substitu-
tion to be made.    As to a remand for the purposes of grant-
ing a new trial because of diminution of the record, it is
enough to say that appellant asked no such relief, and that,
if such relief had been asked, a judge sitting at chambers
would have had no power to grant it.    As to whether or not a
new trial may be granted because of loss or diminution of
the record which cannot be supplied, we have no occasion
to determine.    The authorities seem to be conflicting upon
the proposition, and there is much doubt about the right of
a court to grant a new trial for a loss of records which pre-
vents a trial de novo in this court, where it is apparent that

important and material testimony can never be supplied or again introduced.

But, however this may be, it is apparent that no order of substitution should have been made, not only for the reasons stated, but for the further reason that defendant

4. SAME: laches.

did not promptly apply for such relief after discovery of the loss. The loss of these exhibits was known to counsel for appellant for something like ten months before this application was made; and there is every reason for holding that such an application as this should be speedily made, that is to say within a reasonable time, in view of all the circumstances. The longer it is delayed the more difficult it is to supply the documents which have been lost. This case is an illustration of that fact. Here the exhibits were many letters written by defendant to plaintiff, which were very material on the charge of desertion. No copies were made of them, and it seems impossible for any one to testify as to their contents. There was such delay in filing the application and pressing it to hearing as would have justified the trial court in denying the order. Appellant cannot have her main case considered here without producing all the evidence upon which it was tried. This she knew when her abstract was being prepared for the appeal in the main case, and when it was found that the record was incomplete, as she must have done when her abstract was being prepared, it was her duty to proceed with reasonable diligence to have the missing testimony supplied. If by delay she has rendered this impossible, and for that reason cannot have the appeal in her main case considered, it is her own fault. See, as supporting these conclusions, *Ormsby v. Graham, supra; Close v. Close,* 28 Or. 108 (42 Pac. 128); *Shear v. Brinkman,* 72 Iowa, 698; *Hicks v. Britt,* 21 Ark. 422; *Wolf v. Smith,* 6 Or. 73; *Humphrey v. Tozier,* 154 Pa. 410 (26 Atl. 542).

We must not be understood as holding that a new trial may not be granted in cases when it is impossible to supply

the record for the purposes of an appeal. Upon that sub--
ject we make no pronouncement at this time.

No error appears in the proceedings now before us, and
the order must be, and is, *affirmed*.