OSCAR W. LOWERY, Appellee, v. ANNA E. LOWERY, Appellant.

**Divorce:** APPEAL: INCOMPLETE RECORD: TRIAL *de novo*. A suit for divorce is triable *de novo* on appeal, but where all the material evidence taken upon the trial below was not preserved and is not before the appellate court, although the appellant is unable to present the entire record because of its partial loss, a trial *de novo* can not be had; and the presumption that the decree of the lower court was correct will obtain.

**Same:** NEW TRIAL. Upon an appeal from a decree of divorce the only action the appellate court can take is to affirm, modify and affirm, or to reverse the action of the trial court, upon a review of the testimony upon which it acted; it has no jurisdiction to order a new trial because of the absence from the record of material evidence which was lost after the trial below.

*Appeal from Greene District Court.*—HON. Z. A. CHURCH, Judge.

WEDNESDAY, DECEMBER 16, 1908.

SUIT in equity for a divorce. Defendant filed answer and a cross-petition, in which she also asked for a divorce, with alimony, temporary and permanent. On the issues joined the case was tried to the court, resulting in a decree in plaintiff's favor, and dismissing defendant's cross-bill. The property rights of the parties were also adjudicated in the decree entered. Defendant appeals.—*Affirmed*.

*Bowen & Brockett* and *Wilson & Albert,* for appellant.

*Parker, Hewitt & Wright, W. W. Turner* and *Howard & Howard,* for appellee.

DEEMER, J.—After the trial in the district court some of the exhibits, consisting of various letters written by defendant to plaintiff, were lost, and, it being impossible to procure the same, in order to present the case to this court defendant and appellant sought to have substitution made by the lower court or judge trying the case. The trial judge found that substitution could not be made, and on appeal to this court that finding was approved. See *Lowery v. Lowery,* 139 Iowa, 363. Notwithstanding this, the case is now presented upon a record which is confessedly imperfect, in that it does not contain these missing exhibits. The case is in equity, and on appeal is triable *de novo. Sherwood v. Sherwood,* 44 Iowa, 192; *Shear v. Brinkman,* 72 Iowa, 698. Where the evidence is not all before us, it will be presumed that the decree of the trial court is correct. *Dungan v. Railroad,* 96 Iowa, 161; *Wicke v. Ins. Co.,* 90 Iowa, 4; *Garner v. Pomroy,* 11 Iowa, 149. Appellant's inability to present the entire record does not change this rule. *Ormsby v. Graham,* 123 Iowa, 202; *Loomis v. McKenzie,* 48 Iowa, 416. In the absence of the exhibits introduced by plaintiff, which it is conceded contained material and relevant testimony, we would not be justified in reversing the trial court, even though it now appears that these exhibits can not be produced. Even in an equity case the presumption is that the decree entered by the trial court is correct, and if appellant is unable to produce all the testimony upon which the case was decided, the presumption in favor of the correctness of the decree will prevail, and the action of the trial court will be sustained. This is but another way of stating

1. DIVORCE: appeal: incomplete record: trial *de novo.*

that in equity cases all the testimony offered or introduced upon the trial in the lower court must be preserved and presented to this court on appeal. As we do not have all the testimony taken upon the trial in the district court we can not hear the case anew; and, in view of the presumption which obtains in such cases the decree must be affirmed.

Something is said in argument about our reversing the decree and sending the case back for a retrial because of loss or diminution of the record. This we can not do without disregarding all settled rules of practice. The appeal here is from the decree rendered in the divorce suit, based upon the thought that the trial court was in error in rendering that decree upon the issues and the testimony offered. And the only action which we can take on this appeal is to affirm, modify and affirm, or reverse the action of the trial court upon a review of the testimony upon which it acted. We have no original jurisdiction in such matters. That is to say, we can not entertain an original action for a new trial of an equity case, based upon loss or diminution of the record since a previous trial. If such an action will lie it must be brought in a court of original jurisdiction, to wit, the district court, and not here. This appeal is not from an order of the district court denying a new trial; but it is an appeal of the main action, in which we are asked to try the entire matter anew upon the testimony taken in the trial court. It now appears that we do not have all of this testimony, so that there can not be a trial *de novo* here of the issues in the main case, or, what is the same thing, there is no such showing as would justify us in modifying or reversing the decree entered by the trial court. It will be time enough to consider whether or not defendant is entitled to a new trial because of loss or diminution of record when the matter is properly before us. Surely we are not justified, on an appeal from

*2. SAME:*
*new trial.*

a decree in an equity case, in ordering a new trial because
some of the testimony, material to the issues as presented,
has been lost or destroyed without fault of appellee.
The record is not such as to entitle defendant to a recon-
sideration of the case here, and if it were, we would not,
in view of the presumption which exists in favor of the
correctness of the decree entered by the trial court, be
justified in disturbing that decree.   Even were we to
consider the case on the record before us, without the ex-
hibits to which we have referred, taking instead the notes
of counsel as to what they contain, we should be con-
strained to hold that the decree as entered by the trial
court is correct.

. With the case is a motion for an additional allowance
of temporary alimony.  In view of previous allowances and
the final disposition made of this action, we think this
motion should be overruled, and it is so ordered.

The decree must be, and it is, *affirmed.*