JUANITA MOORE, Appellant, v. ALEXANDER MOORE, Appellee.

(*September 24, 1958.*)

Southerland, C. J., and Wolcott and Bramhall, J. J., sitting.

*Louis L. Redding for appellant.*

*H. Albert Young* and *Bruce M. Stargatt* for appellee.

Supreme Court of the State of Delaware, No. 29, 1957.

Southerland, C. J.:

This is an unusual case. It involves the loss after trial of part of the stenographic record of the testimony taken below. The question is: What is the power and duty of this Court in such a case?

Alexander Moore, the appellee, brought suit in the Superior Court against his wife for divorce on the ground of constructive desertion. The case was heard and the divorce was granted. The wife appealed to this Court.

After the filing of the appeal it was found that the stenographic notes of the official reporter embodying all the testimony on behalf of the husband had been lost. Based on this fact, the wife has filed a motion that the judgment below be set aside and the cause remanded for a new trial. The case comes before us on this motion.

The wife argues (1) that the ground of her appeal is the legal insufficiency of the testimony offered by the husband; (2) that unless she is granted a retrial she will be deprived, through no fault of her own, of her right of appeal. The husband advances various opposing contentions.

The case is one of first impression in Delaware. The decisions in other states are far from harmonious. At least three different views have been taken of the appellate court's duty in

such a situation. One view is that an appellate court has no jurisdiction or power to entertain such a motion because it is in the nature of an original proceeding, not calling for the review of any judgment or proceeding in the trial court. *Yerger v. Bross*, 68 *Ariz.* 104, 201 *P.* 2d 121. To the same general effect are *Etchells v. Wainwright*, 76 *Conn.* 534, 57 *A.* 121; *Diamond v. Superior Court*, 189 *Cal.* 732, 210 *P.* 36; *Morin v. Claflin*, 100 *Me.* 271, 61 *A.* 782.

Another view is that the loss of an important part of the record, through no fault of appellant, is in itself ground for awarding a new trial. See, for example, *Union Garment Co. v. Newburger*, 124 *La.* 820, 50 *So.* 740.

Most of the decisions in the first group turn on questions of statutory limitations of the power of the appellate court, and hence are distinguishable. In any event we cannot agree with their reasoning. Our jurisdiction over a case tried below attaches when the appeal is filed. We have the power, we think, to order such further proceedings as may insure the completion or re-taking of the lost testimony in order to protect our jurisdiction and to protect the appellant's right of appeal, temporarily impaired by no fault of her own.

But we do not think that the loss of part of the record made below entitles appellant as a matter of law to a new trial. She must show more than this. It must appear not only that she has been guilty of no fault or laches in perfecting her appeal, but also that the lost record is vital to a proper review of her case and that there is no practicable way of reconstructing it or of supplying a sufficient substitute. The right to a new trial in such a case depends upon the facts. This appears to be the view taken in most of the decisions. See the cases collected in the annotation at 13 *A. L. R.* 102 and 107 *A. L. R.* 603.

Applying this rule to the facts before us, we note that the ground of appeal is that the evidence is legally insufficient to justify a decree of divorce on the ground of desertion.

Such a contention requires a careful review of all the evidence offered by the plaintiff. The doctrine of constructive desertion is one judicially evolved and is cautiously applied. *Cf. Anton v. Anton,* 10 *Terry* 431, 118 *A.* 2d 605. We cannot see how the wife's case here can be fairly judged without a consideration of all the evidence offered by the husband. And there appears to be no possible way of supplying a substitute record. The case was tried on April 5, 1957. It is too much to expect that the trial judge (who is, in fact, no longer on our bench) could now reconstruct the substance of all the missing testimony. Indeed, counsel for the husband appears to concede this. The case requires the relief of a new trial.

Some specific contentions of the husband must be noticed.

1. Rule 7(1) of this Court, *Del. C. Ann.,* provides:

"Appeals in all causes shall be heard on the original papers and exhibits, which shall constitute the record on appeal".

Rule 7(2) (a) provides in part:

"If testimony shall have been taken, and no transcript of the testimony shall have been filed, the appellant shall file in the court below for transmission to this Court a transcript of such portions of the testimony as he shall deem necessary, * * *."

The husband contends that the effect of these rules is to limit the jurisdiction of this Court to entertain appeals in cases where compliance with rules is possible.

This argument misconceives the purpose of the cited rules. They are designed to obviate the necessity under the former practice for an appellant to print or reproduce the entire record below. They are companion rules to the appendix rule, 9(2) (g). In our opinion they in no way limit the jurisdiction or power of this Court "to determine finally all matters in error in the judgments and proceedings of said Superior Court in civil causes." Const. Art. IV, Sec. 11(1), *Del. C. Ann.* For the reasons already given, we think that we have inherent power

to deal with the situation before us in the manner best calculated to promote the interests of justice.

2. The husband contends that in a case where the record is incomplete it will be presumed to support the judgment below. *Drug, Inc. v. Hunt*, 5 *W. W. Harr.* (35 *Del.*) 339, 168 *A.* 87, and *Lowery v. Lowery*, 140 *Iowa* 498, 118 *N. W.* 749 are cited to sustain this contention.

*Drug, Inc., v. Hunt* is clearly inapposite. The appellant, defendant below, based one contention in the Supreme Court on the insufficiency of plaintiff's proof. Appellant had failed to include the testimony as part of the record. There was no showing that the testimony was unavailable. The Supreme Court applied the rule that in such a case it would presume that the record below was sufficient.

The *Lowery* case was an appeal from a decree in equity granting a divorce. Pending appeal certain exhibits, letters written by defendant, were lost. The Supreme Court of Iowa held that it had no jurisdiction to order a new trial; such an application, it held, must be made to the trial court, and its decision could thereafter be reviewed by the Supreme Court. With deference, we are constrained to disagree. Such circuity of action seems unnecessary. Moreover, the opinion indicates that the Supreme Court had before it the notes of counsel as to the content of the letters, and, as the Court said, could well have affirmed the decree below upon the substitute record before it.

■ 3. The husband next contends that in any event an appellant must show diligence in attempting to compile a substitute record, and that she has not done so. Several cases are cited in support of this contention. As we have already said, we agree that the wife here has such a burden, but we think that she has discharged it. True, her moving papers are on their face insufficient. The affidavit annexed to her motion fails to set forth any attempt made by the wife to make a substitute record. But in fact, as this Court knows, the whole matter of attempt-

ing to make a sufficient record was discussed by counsel with a member of this Court. No adequate solution was found. We could, of course, require a supplemental affidavit to this effect, but that seems an unnecessary formality.

We can find no way in which appellant can make a sufficient substitute record.

We are constrained to remand the case for a new trial. This course causes some hardship to the husband, who now has a judgment in his favor. But presumably he can prove his case anew, and the injury is not irreparable. On the other hand, to affirm the judgment or dismiss the appeal results in a permanent loss of the wife's right of review.

It follows that appellant's motion must be granted.

The cause is remanded to the Superior Court of New Castle County, with instructions to vacate the judgment of divorce and to grant a new trial.