**In the Matter of Robert Allen DINGEE.**

Supreme Court of Delaware.

Feb. 19, 1974.

James F. Waehler, Morris, Nichols, Arsht & Tunnell, Wilmington, for respondent below, appellant.

Hiram W. Warder, Wilmington, for petitioner below, appellee.

Before HERRMANN, C. J., and CAREY and DUFFY, JJ.

PER CURIAM:

This action for termination of the parental rights of the father of the child was brought upon petition of the mother. The child was born in wedlock.

■ It appears that the mother of a child born in wedlock lacks the standing to petition for termination of parental rights of the father. She is not included in any of the several categories of persons eligible to file such petition under the provisions of 13 Del.C. § 1104.

The petitioner makes the argument here that her eligibility is covered by 13 Del.C. § 1103(4)* and/or 13 Del.C. § 1104(6).** It is quite clear, we think, that neither provision covers the petitioner.

■ The eligibility provisions of 13 Del.C. § 1104 seem to have been drawn with great legislative deliberation. We are without power to add or detract; and, as we have recently held, the provisions of § 1104 are jurisdictional. In re Bunting, Del.Supr., 311 A.2d 855 (1973).

We are reluctant, however, to dismiss these proceedings out of hand in view of the obvious care and effort exerted in the presentation made to this Court by both sides. It appears that this petitioner may acquire eligibility and standing under 13 Del.C. § 1104(8) by becoming legal guardian of the child. Accordingly, we stay further proceedings here for a period of 90 days and remand with leave to the petitioner to seek the status of legal guardian.

Jurisdiction is retained.

\*　\*　\*　\*　\*　\*

■ We note the petitioner's contention that this appeal should be dismissed because the motion for new trial below was not filed by the respondent within the ten day period provided by Superior Court Civil Rule 59; that 22 days elapsed between judgment and filing of the motion.

---

\* 13 Del.C. § 1103(4) provides:
"§ 1103. Grounds for termination of parental rights
"The procedure for termination of parental rights for the purpose of adoption or, if a suitable adoption plan cannot be effected, for the purpose of providing for the care of the child by some other plan which may or may not contemplate the continued possibility of eventual adoption, may be initiated whenever it appears that—
　\*　\*　\*　\*　\*
"(4) The parent or parents of any such child, or any person or persons or organization holding parental rights over such child

are not fitted to continue to exercise parental rights; \*　\*　\*."

\*\* 13 Del.C. § 1104(6) provides:
"§ 1104. Persons eligible to petition for termination of parental rights
"A petition for the termination of parental rights may be filed by any of the following:
　\*　\*　\*　\*
"(6) A blood relative of a child whose parents are deceased or who are incompetent by virtue of mental illness or mental retardation, or who have abandoned the child, or who are not fitted to continue to exercise parental rights;"

It appears that the respondent was incarcerated in Maryland and without counsel during this period. Under such circumstances, this Court makes allowances for hardship and impracticability in the strict application of Rule 59.

The motion to dismiss the appeal is denied.