**In the Matter of Robert Allen DINGEE.**

Supreme Court of Delaware.

Oct. 24, 1974.

James F. Waehler, of Morris, Nichols, Arsht & Tunnell, Wilmington, for respondent below, appellant.

Hiram W. Warder, Wilmington, for petitioner below, appellee.

Before HERRMANN, Chief Justice, DUFFY, Justice, and McNEILLY, Judge.

PER CURIAM.

This is an appeal from a decision of the Superior Court terminating the respondent's parental rights in his son on the ground of unfitness.

By prior decision, this Court stayed proceedings on the merits, with leave to the petitioner to seek the status of legal guardian, since the child was born in wedlock and the mother had no standing under the then existing statute to petition for termination of parental rights of the father. See Del., 316 A.2d 555.*

Thereafter, the Court of Chancery appointed the petitioner as guardian of said child which thereby gave her standing to petition for the termination of parental rights of the father. Rather than require the re-institution of proceedings anew on the ground that the guardianship did not exist at the time petition was filed below,

---

* We do not reach the retroactive effect of 13 Del.C. § 1104(5) which was signed into law on July 17, 1974 by Governor Tribbitt and which provides, inter alia, that one parent alone may petition for termination of parental rights if the other parent is incompetent by virtue of mental illness or mental retardation, or has abandoned the child, or is unfit to continue to exercise parental rights.

this Court, in the best interest of all parties, has proceeded to the merits of the appeal as though the petitioner had standing from the outset.

Respondent contends that 13 Del.C. § 1103(4) is unconstitutional by reason of vagueness. The pertinent portion of 13 Del.C. § 1103 provides:

> "The procedure for termination of parental rights for the purpose of adoption or, if a suitable adoption plan cannot be effected, for the purpose of providing for the care of a child by some other plan which may or may not contemplate the continued possibility of eventual adoption, may be initiated whenever it appears that—* * * (4) The parent or parents of any such child, or any person or persons or organizations holding parental rights over such child are *not fitted* to continue to exercise parental rights." (Emphasis supplied)

■ The respondent contends that the Legislature should have defined the phrase *"not fitted" as it did in defining* "abandonment" and "mental incapacity" in the same *Statute.* This argument is without merit. No inflexible rule can or should be laid down by which unfitness of a parent to have the custody of his child may be determined, but each case *must be decided on its own peculiar facts.* The words "not fitted" have a common and ordinary usage and accepted dictionary meaning and, as to matters pertaining to custody of children, are to be read generally as meaning "unfitted for parental duties".

In the case of Cassen v. Cassen, 315 Mass. 35, 51 N.E.2d 976, for example, the Court defined "unfit" to include the concept of being unsuitable or ill adaptable to serve under the existing circumstances, and stated that this is to be adjudged with reference primarily to the welfare of the child. Similarly, the Supreme Court of Nebraska in the case of Clark v. Lyon, 82 Neb. 625, 118 N.W. 472 held that the degree of unfitness which will deprive a parent of his natural right to the custody of his child, while it must be positive and not comparative, must be considered in relation to the attending circumstances, such as the concern the parent has shown for the children in the past, the suitability of the parents' domestic surroundings to receive the children, and the question of the children's general welfare. See also additional collection of cases in 43 Words and Phrases, page 429 et seq., definition of "unfitness" in Webster's Third New International Dictionary and Black's Law Dictionary Third Edition.

■ The appellant further contends that his fitness as a parent was adjudicated in previous Pennsylvania proceedings whereby he was awarded visitation rights of his child, and that the Superior Court improperly terminated his parental rights for the sole reason that he was serving a long term of imprisonment in a penal institution in the State of Maryland.

There is nothing in the record before this Court that would support either of these contentions. To the contrary the Superior Court decided the issue of fitness after a full hearing, giving all parties ample opportunity to present any and all relevant evidence. The Pennsylvania proceedings were not res adjudicata as to the question of fitness and there is no indication that the imprisonment issue was any more than one factor upon which the decision was made.

Affirmed.