**William S. McQUAY, Appellant,**

**v.**

**DELAWARE ALCOHOLIC BEVERAGE CONTROL COMMISSION, Appellee.**

Supreme Court of Delaware.

Argued Dec. 4, 1974.

Decided April 28, 1975.

Karl J. Parrish, Wilmington, for appellant.

Wheeler K. Neff, Deputy Atty. Gen., Wilmington, for appellee.

Before HERRMANN, C. J., and DUFFY and BUSH, JJ.

PER CURIAM:

This is an appeal from a Superior Court order directing a remand to the Alcoholic Beverage Control Commission. By reservation of jurisdiction in our orders of October 17, 1973 and December 4, 1974, it is also an appeal from the supplemental decision of the Commission rendered after remand.

This long-standing controversy is in a procedural posture which calls for a brief explanation. In a decision dated August 31, 1971, the Commission denied Mr. McQuay's application for an off-premises liquor license on the basis that it was "not demanded by public interest, convenience [, or necessity]." 4 Del.C. § 543(b)(1). On appeal the Superior Court found that the Commission's decision was not supported by sufficient findings, 4 Del.C. § 541(b), and remanded for "specific factual findings and a fresh decision with supporting reasons."

Mr. McQuay appealed to this Court, arguing that the Superior Court should have made its own findings and ordered the license issued.

 By order of October 17, 1973 we affirmed the direction to remand.[1]

While the appeal was pending, the Commission issued a license of the same type and for the same locale to another applicant, thus setting an apparent bar to Mr. McQuay's application. 4 Del.C. § 543(f). The October order accordingly enlarged the scope of remand to include consideration of the Commission's authority to grant a license pending appeal, and deferred decision on the duty of the applicant to preserve the status quo by judicial process. See Ingersoll v. Rollins Broadcasting of Delaware, Inc., Del.Supr., 272 A.2d 336 (1970).

 The Commission delayed nearly a year in complying with the remand order as modified by this Court. Its supplemental decision and ruling dated September 9, 1974 and October 15, 1974, respectively prompted Mr. McQuay to move for a default decree in this Court and to file a separate appeal in the Superior Court. This Court, by order dated December 4, 1974, noted that jurisdiction was reserved over the separate appeal, ordered-up the record of the supplemental proceeding and regard-

ed the motion and appeal as submitted for final decision.[2]

Upon consideration of the arguments of counsel and after review of the record, the Court concludes as follows:

 (1) Appellant's motion for a default decree should be denied. While delay by the Delaware Alcoholic Beverage Control Commission in complying with this Court's order of October 17, 1973 was unconscionable, public interest in the administration of the Liquor Control Act persuades us that in this case a license should not be ordered issued on a "default" basis.

 (2) The Liquor Control Act does not prohibit the Commission from issuing a license while its order denying a license for the same geographical area is on appeal. An applicant appealing denial of license has an opportunity to seek a Court order maintaining the status quo. Compare Ingersoll v. Rollins Broadcasting of Delaware, Inc., supra.

 (3) The Commission's supplemental decision of September 9, 1974, while restating a tenuous "public need and convenience" rationale,[3] added an independent and, we think, self-sufficient reason for denial based on prior liquor law violations by Mr. McQuay. 4 Del.C. § 543(b)(7). We think this cures the defects of the first decision in that it provides a permissible

---

1. The general rule is that remand is proper where an agency has made invalid, inadequate or incomplete findings. 2 Am.Jur.2d Administrative Law § 765. See, e. g., Helvering v. Rankin, 295 U.S. 123, 55 S.Ct. 732, 79 L.Ed. 1343 (1935); Yellow Cab Corp. v. City Council of Passaic, 124 N.J.Super. 570, 308 A.2d 60 (1973). Under 4 Del.C. § 541 (b), (c), the initial fact-finding duty rests on the Commission. Application of X-Chequer Inn, Inc., Del.Super., 229 A.2d 22 (1967). Where, as here, that duty is not properly discharged, the statute reposes discretion in the Superior Court to determine how the failure to properly discharge the duty will be rectified.

2. Jurisdiction of this Court attached when the appeal was filed, Moore v. Moore, Del. Supr., 1 Storey 258, 144 A.2d 765 (1958), and has not been relinquished. Cf. In Re Dingee, Del.Supr., 316 A.2d 555, 328 A.2d 139 (1974).

3. Some five months after the Commission denied Mr. McQuay a license it found, as to another applicant, that public necessity required a license in the same area based on no greater showing of need than that made by Mr. McQuay at the first hearing; the support for such different findings by the Commission seems tenuous—at best.

basis for denial amply supported by the record.[4]

 (4) We reject appellant's argument that these violations are not convictions within the meaning of 4 Del.C. § 543(b)(7). They amount to an adjudication of guilt, see Lis v. State, Del.Supr., 327 A.2d 746 (1974), which resulted in punishment by suspension of license. Such past violations of a license holder are obviously relevant when the Commission is asked to issue him a second license. The statute cannot contemplate that the Commission bury its head in the sand and ignore violations of the very laws it is duty-bound to uphold. 4 Del.C. § 304.

 (5) The appellant/applicant also alleges irregularity of procedure at the first hearing because he was the first to apply for a license and yet was forced to participate in a consolidated hearing with two later applicants. While 4 Del.C. § 541(a) requires that "[t]he Commission shall examine all applications for license as promptly as possible," there is nothing in the statutes or regulations which mandates a singular hearing where there are several applicants for the same license for the same geographic area. We find no violation of due process or right to a fair hearing by the consolidated hearing procedure. While it is not our province to comment on the wisdom of such a situation, Title 4 by omission leaves much to the discretion of the Commission as to practice and procedure at such hearings.[5]

\* \* \* \* \* \*

This case demonstrates forcefully again the need for an Administrative Procedures Act.

We affirm the denial of the license to the appellant by the decision of the Commission dated September 9, 1974 and affirm the decisions of the Superior Court dated June 30, 1972 and December 14, 1972 as to matters deferred by our order of October 17, 1973.

---

4. The records of the Commission show that Mr. McQuay was cited, found in violation of the liquor laws, and had his license suspended four times since 1963. Three of the four suspensions were for sales to minors. At the hearing, the applicant admitted that he had been cited for two violations in the past five years. At a second hearing Mr. McQuay (qua Jewell Liquors, Inc.) was denied a license based on such violations. While appellant is correct when he says that the Commission failed to make a specific factual finding on this issue, it is implicit in the opinion and it is supported by substantial evidence in the record.

5. In view of Mr. McQuay's contention that the protestants appearing at the hearing did not file their protests timely as to him, § 541(b), we have regarded these protests as directed only against the other applicants.