**William Henry FLAMER, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 507, 1995.

Supreme Court of Delaware.

Submitted: Dec. 26, 1995.

Decided: Dec. 29, 1995.

Charlene D. Davis, Bayard, Handelman & Murdoch, P.A., Wilmington, and Joshua L. Simon, Law Office of David Staats, Wilmington, for Appellant.

Paul R. Wallace, Deputy Attorney General, Department of Justice, Wilmington, for Appellee.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT, and BERGER, JJ., constituting the Court en banc.

PER CURIAM:

This is an appeal from an order of the Superior Court which denied a stay in the setting of a date of execution in a capital murder case. The appellant, William Henry Flamer ("Flamer") seeks review on an expedited basis in this Court of the Superior

Court's ruling. The State opposes the granting of expedited proceedings and suggests that this appeal may be affirmed on the basis of the record presented in the Superior Court. In view of time constraints and the pendency of proceedings in the United States Supreme Court, this matter will be resolved on the present uncontroverted record. Since it is clear that there is no underlying State proceeding and, in view of the availability of relief in the United States Supreme Court, we deny the application for a stay and affirm the decision of the Superior Court.

## I

Flamer was convicted and sentenced to death on February 12, 1980 for the murder of Byard and Alberta Smith in Kent County, Delaware. Flamer's convictions have been subject to a long series of appeals, postconviction proceedings, and federal habeas corpus review. *See Flamer v. State,* Del.Supr., 490 A.2d 104 (1983), *cert. denied,* 464 U.S. 865, 104 S.Ct. 198, 78 L.Ed.2d 173 (1983), *and cert. denied,* 474 U.S. 865, 106 S.Ct. 185, 88 L.Ed.2d 154 (1985); *Flamer v. State,* Del. Supr., 585 A.2d 736 (1990); *Flamer v. Chaffinch,* D.Del., 827 F.Supp. 1079 (1993), *aff'd, Flamer v. Delaware,* 3rd Cir., 68 F.3d 710 (1995), *petition for cert. filed,* No. 95–6856 (Nov. 22, 1995). On October 19, 1995, the Court of Appeals for the Third Circuit in separate *en banc* and panel decisions affirmed the denial of habeas corpus relief. *Flamer v. Delaware,* 3rd Cir., 68 F.3d 710 (1995); *Flamer v. Delaware,* 3rd Cir., 68 F.3d 736 (1995) (*en banc*). An application for stay of mandate was denied. *Flamer v. Delaware,* 3rd Cir., No. 93–9000, Alito, J. (Nov. 22, 1995) (ORDER).

On November 22, 1995, Flamer filed a petition for a writ of certiorari in the U.S. Supreme Court and sought a stay of the Third Circuit mandate pending the disposition of the petition for certiorari. The stay of mandate was denied. *Flamer v. Delaware,* U.S.Sup.Ct., No. A–450 (Nov. 22, 1995) (Souter, Circuit Justice, denying stay).

On December 12, 1995, Flamer appeared in the Superior Court for imposition of sentence of execution. Flamer moved for a stay of imposition of sentence to permit him to pursue his certiorari petition in the U.S. Supreme Court and to seek a commutation from the Delaware Board of Pardons. The Superior Court denied the request to stay imposition of sentence on the ground that there was no legal issue pending in the State court and the U.S. Supreme Court had authority to grant any stay required to permit disposition of the petition for writ of certiorari. The Superior Court accordingly set an execution date of January 30, 1996. This appeal followed.

## II

Although the appellant seeks briefing on an expedited basis, we believe this matter may be disposed of on the uncontroverted record and, in view of the pending execution date, further delay is not warranted. It is clear that Flamer has exhausted every avenue for review of his conviction both at the State and Federal levels. There remains only a petition for a writ of certiorari which is now pending before the U.S. Supreme Court. His most recent appearance in the Superior Court was for the sole purpose of imposition of a mandatory sentence of execution. In denying the request for a stay of imposition of sentence, the Superior Court did not expressly rule upon the State's contention that it lacked authority to grant a stay but rather determined that adequate relief existed in another court.

We find it unnecessary to determine the extent of the Superior Court's authority to stay execution of sentence in the absence of an underlying State proceeding. It is sufficient for present purposes that we exercise our power of appellate review with respect to a final order of the Superior Court. The power to grant a stay incident to that review is expressly conferred under Art. IV, § 11(7) of the Delaware Constitution which confers jurisdiction on this Court:

(7) To issue such temporary orders in causes pending on appeal, or on writ of error, as may be necessary to protect the rights of the parties, and any Justice of the

Supreme Court may exercise this power when the court is not in session.[1]

 We construe this constitutional grant of authority as conferring plenary power to grant a stay or to modify any order of a trial court to the extent necessary to preserve the rights of the parties to any pending appeal. *See Moore v. Moore,* Del.Supr., 144 A.2d 765 (1958). The constitutional grant of authority has been implemented by this Court in the adoption of Supreme Court Rule 35(e), as amended, which permits review by this Court of any stay of execution granted by the Superior Court. The exercise of this authority is committed to the sound discretion of the Court. This power to stay is supplemental to, and not dependent upon, the specific statutory grant of automatic review of a death penalty conferred by 11 *Del.C.* § 4209(g).

### III

 While this Court possesses the power to grant a stay of execution in this case, we are satisfied there exists no appropriate basis for doing so. Flamer has exhausted every right of review of his conviction and sentence available to him under Delaware law. That review has been thorough and complete. Moreover, he has pursued his right to relief under federal habeas corpus in both the U.S. District Court for the District of Delaware and the Third Circuit Court of Appeals. In the latter court, his appeal was afforded both panel and *en banc* consideration.

Flamer's only remaining opportunity for appeal lies within the discretionary authority of the U.S. Supreme Court which has before it his petition for a writ of certiorari.[2] That court has the power to grant a stay of execution in any matter pending before it, including proceedings on pending certiorari petitions. 28 U.S.C. § 2101(f). Since the pending execution date is more than thirty days distant, there appears adequate time available for the disposition of the petition or the grant of a stay in connection therewith. Under the circumstances, we perceive of no basis for this Court to exercise its power to stay the order of the Superior Court at this time. Moreover, since there is no underlying substantive issue in this appeal, our refusal to grant a stay will serve to finally dispose of this appeal. Accordingly, the motion for a stay is DENIED and the appeal DISMISSED. The mandate shall issue forthwith. Supr.Ct.R. 19(a).

---

1. Although the power to grant a stay under Art. IV, § 11(7) reposes in individual Justices, it is the practice of this Court to consider and determine all substantive matters arising out of death penalty cases before the Court *en Banc,* to the extent practicable. *See* ch. XIX(4) *Delaware Supreme Court Internal Operating Procedures* (1994).

2. It appears that Flamer is concurrently pursuing a petition for commutation before the Board of Pardons. The power of the Board of Pardons, acting in conjunction with the Governor, to grant a commutation rests on an independent constitutional basis, Art. VII, § 1. The exercise of such power does not implicate the appellate jurisdiction of this Court.