ROLLINS BROADCASTING OF DELA-
WARE, INC. and Board of Adjustment of
New Castle County, Defendants Below, Ap-
pellants,

v.

John H. HOLLINGSWORTH, Mary A. Inger-
soll, Frederick P. Chappell, Wayne D. Suit-
er and Robert R. Moneymaker, Plaintiffs
Below, Appellees.

Supreme Court of Delaware.

Nov. 4, 1968.

Courtney H. Cummings, Jr., of Killoran
& Van Brunt, Wilmington, for Rollins
Broadcasting of Delaware, Inc., defendant
below, appellant.

William Prickett, of Prickett, Ward, Burt
& Sanders, Wilmington, for plaintiffs be-
low, appellees.

WOLCOTT, C. J., and CAREY and
HERRMANN, JJ., sitting.

HERRMANN, Justice:

This is an appeal from the reversal by the
Superior Court of a special zoning excep-
tion granted by the New Castle County
Board of Adjustment permitting the ap-
pellant, Rollins Broadcasting of Delaware,
Inc., to construct a Community Antenna
Television Tower.* The appellees are
neighboring property owners.

* Part of a system, known as CATV, by
which improved and greater television
reception is made available to subscribers
to the service. For a detailed discussion

The application for the permit to construct the tower in an R–2 District was made pursuant to Article IV, Section 2(16) and Article XIX, Section 4 of the Zoning Code of New Castle County.** After a hearing, the Board of Adjustment approved the application and granted the special exception, subject to certain conditions not pertinent here. By certiorari, the appellee property owners obtained review by the Superior Court. That Court reversed the Board by granting summary judgment in favor of the property owners, holding that there was no evidence to support the Board's conclusion. We agree.

The application to the Board consisted of a very sparse, unacknowledged form Application for a Hearing, accompanied by a plot plan of the subject tract, a block zoning map with the parcel marked, and a "building plan showing a windowless concrete structure to house receiving equipment." The application was submitted with a letter of transmittal from counsel with which was forwarded, without reference, an unsigned "Report", generally explaining the community antenna television system and site requirements for tower-components thereof, and certain rules and regulations of the Federal Communications Commission.

At the hearing before the Board, Rollins called no witnesses in presenting its case in chief; its presentation at that stage consisted only of an oral statement by its attorney, summarizing the proposal for the erection of the tower and the reasons for selecting the site here in question. No drawing of the proposed tower, or other

---

of the nature and functions of CATV systems, see United States v. Southwestern Cable Co., 392 U.S. 157, 88 S.Ct. 1994, 20 L.Ed.2d 1001 (1968).

** Article IV provides in pertinent part:
"SECTION 2. R–2 DISTRICTS (AGRICULTURAL AND GENERAL PURPOSE)—In an R–2 District, no building or premises shall be used and no building shall be erected or altered which is arranged, intended, or designed to be used, except for one or more of the following uses:
\*      \*      \*      \*      \*
"(16) Radio or television broadcasting towers with accessory transmitting station, or airplane beacon, if a special exception is granted by the Board of Adjustment as provided in Article XIX, Section 4, of this Code, subject to the following special requirements:
"(a) Any principal part of an antenna tower, excluding guy cables, shall be set back from the street line or any other lot line of the lot on which it is located a distance of not less than the height of such tower.
"(b) Any blinking or rotating light thereon shall be screened so as not to throw its light below the horizontal plane in which it is installed.
"(c) No identification sign thereon shall be illuminated.
"(d) The proposed height of the tower is reasonably necessary to render satisfactory service to all parts of the service area.

"(e) The proposed location and height will not affect adversely the use of neighboring property.
"(f) Before approving a special exception for such use, the Board will have required that the application be submitted to the Department of Planning of New Castle County for review and report."
Article XIX provides in pertinent part:
"SECTION 4. ORIGINAL JURISDICTION—The Board of Adjustment, after public hearing, upon determining (1) that a proposed use on a specific lot or parcel is reasonably necessary for the convenience and welfare of the public and (2) that the proposed use on the lot or parcel involved is not detrimental or injurious to the neighborhood or the County, may grant a special exception, subject to such conditions as the Board of Adjustment deems necessary to protect the health, safety and welfare of the neighborhood and the County, to permit any of the following uses in the designated districts:
\*      \*      \*      \*      \*
"(i) In an R–2, O–2, C–1, C–2, or C–3 District, a radio or television broadcasting tower, with necessary transmitting station, or airplane beacon, subject to the special requirements of Paragraph (16), Section 2, Article IV.
\*      \*      \*      \*      \*
"The above listed uses should not be considered permitted uses in the designated districts, but when granted upon satisfying the above requirements shall be special exceptions to this Code."

evidence verbal or documentary, was submitted. In response, the property owners contended that the proposed tower was for the reception of television signals—that it was not a broadcasting tower within the scope and meaning of Article XIX, Section 4 of the Zoning Code. The property owners also asserted that Rollins had failed to adduce any evidence establishing the grounds for exception set forth in Article IV, Section 2 and Article XIX, Section 4 of the Code. The property owners presented several witnesses who testified that the proposed tower would have a detrimental effect upon nearby residential areas. In rebuttal, Rollins presented its vice president as a witness who testified that the tower would not interfere with regular television reception; he admitted, however, that the tower would be detrimental to the neighborhood. In broad outline, that was the sum and substance of the hearing before the Board.

Following the hearing, by leave granted: Rollins' attorney forwarded drawings of the tower under cover of an explanatory letter; the property owners' attorney filed a memorandum of law to which was attached an engineering analysis giving the technical reasons why the proposed tower would cause interference with local television reception; and Rollins replied by another letter of counsel agreeing to correct any such interference, and forwarding photographs of various radio towers and an unidentified CATV tower.

Upon that record, the Board rendered its decision granting the special exception and the permit.

We are unable to find in the record of this case any evidence addressed to the grounds explicitly stated in the Zoning Code as the bases for an exception. Specifically, we find no evidence to support a finding:

1) That the tower was "reasonably necessary for the convenience and welfare of

the public"—as required by Article XIX, Section 4.

2) That the tower would not be "detrimental or injurious to the neighborhood and to the County"—as required by Article XIX, Section 4.

3) That the tower's height was "reasonably necessary to render satisfactory service to all parts of the service area"—as required by Article IV, Section 2(16) (d).

4) That the tower would not "affect adversely the use of neighboring property" —as required by Article IV, Section 2 (16) (e).

Rollins, as applicant for the special exception, had the burden of meeting the requirements set forth in the Code as the grounds for the exception. Application of Emmett S. Hickman Co., 10 Terry 13, 108 A.2d 667 (1954). This Rollins was obliged to do by substantial * evidence, verbal or documentary, susceptible of cross-examination and rebuttal by opponents and of appellate review by the courts. Attorneys' letters, argument of counsel, unsigned reports, and unsupported, unauthenticated drawings do not constitute such evidence.

Recently, in Zoning Board of Adjustment of New Castle County v. Dragon Run Terrace, Inc., Del., 222 A.2d 315, 318 (1966), we stated with reference to the Board of Adjustment:

"It is manifest from questions asked by members of the Board at the hearing that, in considering various aspects of this case, they were relying upon facts known to them personally but not made a matter of record by proper evidence. Our various administrative and quasi-judicial bodies should understand that any pertinent information known personally by the members, but not placed into the record by proper evidence, cannot be considered by a court on appellate review. See Fitzsimmons v. McCorkle, Del., 214 A.2d 334; 2 Am.Jur.2d 623. (decided January 13, 1969) regarding substantial evidence rule.

---

* See Searles v. Darling, 7 Terry 263, 83 A.2d 96 (1951) and Cooch's Bridge Civic Association, et al. v. Pencader Corporation

This requirement applies to zoning matters, 2 Rathkopf on Zoning and Planning (3rd Ed.) 64–67."

See also Searles v. Darling, 7 Terry 263, 83 A.2d 96 (1951); Petition of Shell Oil Company, Del.Super., 203 A.2d 845 (1964); Application of Julian, 3 Storey 175, 167 A.2d 21 (1960).

From the Board's detailed decision, it is manifest in the instant case, as in the *Dragon Run* case, that the members of the Board of Adjustment relied upon facts known to them personally. The only other source of much of the factual material appearing in the Board's decision was in the oral statements and argument of counsel. Neither source of information is sufficient to fulfill the requirement that the factual grounds necessary for an exception to the Zoning Code be established by evidence of record, susceptible of cross-examination, rebuttal, and judicial review.

■ While it is not necessary to the disposition of this appeal for us to resolve the question of whether a CATV tower is a "broadcasting tower" within the meaning of Article XIX of the Code, we do so nevertheless for the guidance of the Board in any future proceeding: In United States v. Southwestern Cable Co., 392 U.S. 157, 88 S.Ct. 1994, 20 L.Ed.2d 1001 (1968), the nature and functions of CATV systems were fully explained. It there appears that CATV systems receive the signals of ordinary television broadcasting stations, amplify them, transmit them by cable or microwave, and ultimately distribute them by wire to the receivers of their subscribers. It is stated, too, that a CATV system may originate and produce its own programming. Also, it appears that in size, shape, and general design and construction, there is no material difference between a CATV tower and an ordinary television or radio broadcasting tower. With that understanding of its nature, function, and design, we hold that a CATV tower is a "broadcasting tower" within the meaning of the Zoning Code.

The judgment below is affirmed.