Mary A. INGERSOLL, Frederick P. Shappell, Robert R. Moneymaker, and R. E. Dolman, Plaintiffs Below, Appellants,

v.

ROLLINS BROADCASTING OF DELAWARE, INC. and Board of Adjustment of New Castle County, Defendants Below, Appellees,

`and

New Castle County, et al., Defendants Below, Appellees.

Supreme Court of Delaware.

Dec. 8, 1970.

William Prickett of Prickett, Ward, Burt & Sanders, Wilmington, for appellants.

James M. Tunnell, Jr. and Richard L. Sutton of Morris, Nichols, Arsht & Tunnell, Wilmington, for Rollins Broadcasting of Delaware, Inc.

Clarence W. Taylor of Wilmington, for New Castle County.

WOLCOTT, Chief Justice, CAREY, Justice, and MARVEL, Vice Chancellor, sitting.

WOLCOTT, Chief Justice:

This appeal was instituted by the filing of a single notice of appeal in two civil actions in the Superior Court. The procedure adopted was without leave of court, and there has been no order of consolidation but, in practical effect, the single notice of appeal has resulted in the consolidation of two appeals before this court. We do not pass upon the propriety of this method of proceeding by the appellants. We will accept the procedure followed with an expression of doubt as to its propriety in order to dispose of this pending matter.

This controversy has been in litigation for upwards of three years. It all started when Rollins Broadcasting Company applied for and was granted a special exception under the New Castle County Zoning Code for permission to erect a Cable TV tower on a parcel of ground zoned residential. The plaintiffs, adjacent landowners, appealed to the Superior Court, which reversed the Board of Adjustment, pointing out that Rollins had not submitted any evidence in support of its petition as required by law. Thereafter, Rollins appealed to this court. We affirmed the decision of the Superior Court. *Rollins Broadcasting of Del., Inc. v. Hollingsworth*, 248 A.2d 143 (1968).

Thereafter, New Castle County Council passed and enrolled Ordinance 68–74 forbidding certain uses in zoned areas, including the building of Cable TV towers in residential zones. Following the mandate of this court in the *Hollingsworth* case, Rollins filed another petition seeking a special exception to build a 300-foot tower for Cable TV on the same parcel of ground. After the following of the procedural requirements, the matter came on for hearing before the Board of Adjustment. Ultimately, a special exception was granted to Rollins to erect a Cable TV tower. The matter was then taken by the plaintiffs to the Superior Court by means of a writ of certiorari.

The Superior Court held Ordinance 68–74 invalid on the ground that the County Council had erroneously enrolled the ordinance. Thereafter the plaintiffs appealed again to this court. On July 7, 1970, this court handed down its opinion reversing the Superior Court, 269 A.2d 217, and upholding Ordinance 68–74 on the ground that the Enrolled Bill Doctrine applied to proceedings before the County Council and that evidence could not be taken to prove that the enrolled ordinance did not properly reflect the decision of the County Council.

In the interim between the docketing of the last appeal before this court and the handing down of our mandate directing that the granting of an exception to the Zoning Code was error, Rollins solicited subscriptions for the use of Cable TV from the public at large. Rollins also commenced and completed the construction of the 300-foot tower on the location involved, despite the pendency of an appeal to this court involving the legality of such a tower. We understand that the tower is now in operation and is serving in excess of 3500 public subscribers to the service offered by Rollins.

The plaintiffs thereupon petitioned for a writ of mandamus in the Superior Court praying that the Superior Court compel the destruction of the Cable TV tower by Rollins. The Superior Court held that, despite the doubt as to the propriety of the remedy of mandamus in a situation of this kind, it would assume that it had jurisdiction to issue the writ to compel the demolition of the tower, but that since mandamus was a prerogative writ to be issued, if at all, within the sound judicial discretion of the court, it refused at that time to issue the writ, but granted a stay in the mandamus proceedings until a date in January of 1971 to see if a special exception and permit would be granted to Rollins by the County authorities. In point of fact, at the time of the decision of the Superior Court, an ordinance had been introduced into the County Council permitting the granting of exceptions to the Zoning Code for this precise purpose. As a matter of fact, prior to the argument in this appeal, the County Council enacted that ordinance into law. It is now, therefore, permissible to grant an exception to the Zoning Code under the newly adopted ordinance. However, as a matter of fact, no exception has as yet been granted to Rollins Broadcasting Company.

We, as did the Superior Court, will likewise assume that mandamus is the proper remedy in circumstances such as disclosed in this appeal. However, we are frank to say that this assumption does not mean that we are ruling that mandamus is a proper remedy in this situation. On the

contrary, we have grave doubt that mandamus is a remedy. It is entirely possible, if indeed not probable, that the plaintiffs have mistaken their remedy under the circumstances, and should be before the Court of Chancery and not before the Superior Court. We however make no ruling upon the point, but merely make the same assumption made by Superior Court.

■ In Delaware, mandamus is a prerogative writ in the supervisory sense and is issuable not as a matter of right, but only in the exercise of sound judicial discretion. McCoy v. State, 2 Marv. 543, 36 A. 81 (1896). In a sense mandamus is an equitable remedy and, to some extent at least, is to be governed by equitable principles of relief. Its issuance, however, is always to be determined by sound judicial discretion by the court asked to issue the writ. State ex rel. Armour and Company v. Gulf Sulphur Corporation, 231 A.2d 470 (Del.Supr.1967).

By reason of the assumption of power and authority to issue the writ, which we have assumed the Superior Court to have, the question raised before us by this appeal is solely whether or not the Superior Court abused its sound judicial discretion in delaying the issuance of the writ for a period of time to see what happened before the legislative body of the County. We have reviewed the matters presented to us in order to determine this question. We find nothing in the record before us to justify the conclusion that the Superior Court abused its discretion in taking the action it did. Our reasons for this are as follows:

■ While it is true that in the appeal just decided by us, no stay or restraining order was sought and obtained preventing the erection of the tower, nevertheless Rollins went ahead in the face of a pending appeal attacking the validity of the erection of the tower and proceeded to erect it. This, we consider to be without excuse, and if this was the only fact before us we would unhesitatingly order the tower to be demolished. However, the plaintiffs, who surely must have known of the commencement of construction, took no steps to acquaint this court of its commencement. As a matter of fact, following the handing down of our opinion and solely by reason of newspaper items concerning the matter, this court learned for the first time that the tower had actually been constructed. We think, therefore, that both sides bear some share of fault in this matter. Undoubtedly, had the commencement of construction been called to our attention, steps could have been taken to halt it in the initial stages.

However, there is one other circumstance which seems to us of overriding importance in the determination of whether or not a discretionary writ should be issued. This is the fact that Rollins now serves in excess of 3500 subscribers to the Cable TV service furnished by it, all of whom have demolished their former TV antennas and now depend solely upon the reception of the TV Cable program. To force, in the interim, the discontinuance of this service and the necessity of the expense of re-erecting the individual TV antennas to our mind would put an unfair burden upon the innocent public. This, we think, is the only circumstance in the record before us justifying the stay of this proceeding until final action by the County Council and the proper County authorities on Rollins' petition for an exception to permit the erection of the tower.

Plaintiffs argue to the contrary but the arguments advanced, to our mind, do not countervail the inconvenience and expense which would result to the innocent public if the tower was ordered to be torn down now at this time and then later to be erected.

For the foregoing reasons, the judgment below is affirmed.