IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RYAN SAMANS, | § | |
| | § | |
| Petitioner Below, | § | No. 31, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware, |
| DEPARTMENT OF | § | in and for Sussex County |
| CORRECTION, | § | C.A. S14M-12-004 RFS |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: March 3, 2015
Decided: March 27, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VAUGHN**, Justices.

## O R D E R

This 27th day of March 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)  The appellant, Ryan Samans, filed this appeal from the Superior Court's denial of his petition for a writ of mandamus.  The Department of Correction has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Samans' opening brief that his appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that Samans is an inmate at the James T. Vaughn Correctional Center. Two years of Samans' Level V sentence can be suspended upon his successful completion of the Level V Key Program, followed by six months of Level IV Crest and two years of Level III Crest Aftercare. Due to disciplinary write-ups, Samans' classification status precludes him from entering the Level V Key Program.

(3) On December 2, 2014, Samans filed a petition for a writ of mandamus in the Superior Court. In his petition, Samans asked the Superior Court to compel the Department of Correction to classify him according to the established procedures of an unbiased Classification Committee. Upon review of the petition under 10 *Del. C.* § 8803(b), the Superior Court found that Samans did not have a liberty interest in his classification status, classification of inmates was within the Department of Correction's discretion, and the Superior Court does not review that process or decision in an action for a writ of mandamus. The Superior Court concluded that Samans' petition was legally frivolous and dismissed the petition. This appeal followed.

(4) In his opening brief, Samans acknowledges that he does not have a constitutionally protected liberty interest in his prison classification status, but claims that the Superior Court erred in dismissing his petition for a writ of mandamus as legally frivolous because the petition stated a valid due process

claim. Samans seems to contend that his due process rights were violated because his classification was the result of bias and ignorance by a counselor, rather than an objective risk and needs assessment under 11 *Del. C.* § 6531(a). Section 6531(a) provides that the Department of Correction shall evaluate each person using an objective risk and needs assessment instrument "[t]o the maximum extent possible" and "[u]se of the objective risk assessment instrument shall commence by December 31, 2013." We review the Superior Court's denial of a petition for a writ of mandamus for abuse of discretion.[2]

(5) "A writ of mandamus is a command that may be issued by the Superior Court to an inferior court, public official, or agency to compel the performance of a duty to which the petitioner has established a clear legal right."[3] As a condition precedent to the issuance of the writ, the petitioner must demonstrate that: (i) he has a clear right to the performance of the duty; (ii) no other adequate remedy is available; and (iii) the agency has arbitrarily failed or refused to perform its duty.[4] A writ of mandamus will not be issued to compel a discretionary act.[5]

---

[2] *Ingersoll v. Rollins Board of Delaware, Inc.*, 272 A.2d 336, 338 (Del. 1970).

[3] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

[4] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[5] *Darby v. New Castle Gunning Bedford Educ. Ass'n*, 336 A.2d 209, 211 (Del. 1975).

(6) Inmates do not have a right to a particular prison classification[6] and "[p]lacement of inmates within the prison system is within the wide spectrum of discretionary actions that traditionally have been the business of prison administrators, rather than of the courts."[7] The September 8, 2014 classification decision attached to Samans' petition for a writ of mandamus states that LSIR[8] was completed on October 15, 2013, Samans' risk assessment score was 13 or medium, Samans had three major write-ups in the previous eighteen months, and the two-person classification team recommended that Samans remain at maximum security due to a March 2014 write-up for Possession of Dangerous Contraband. Samans has not established that the Department of Correction arbitrarily refused to perform a non-discretionary duty owed to him. The Superior Court did not err in dismissing Samans' petition for a writ of mandamus.

---

[6] *Desmond v. Phelps*, 2012 WL 424891, at *1 (Del. Feb. 8, 2012); *Winward v. Taylor*, 2001 WL 1636748, at*1 (Del. Dec. 12, 2001).

[7] *Bagwell v. Prince*, 1996 WL 470723, at *2 (Del. Aug. 9, 1996).

[8] The Level of Service Inventory-Revised assessment is a quantitative survey of offender attributes used to make supervision and treatment decisions.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice